FRANCIS HOPKINSON v. JOHN L. McKNIGHT.

The description in a deed of a lot of land, as being bounded a certain length on an eight-foot alley, and a certain additional length along a continuation of said alley or street, said street being thirty feet wide, which alley and street, if opened, would have been on the land of the grantor, but which in fact were not opened and used, does not amount to a grant of a way, nor to a covenant that the grantee shall have a right of way along the alley and street referred to.

Action on the case.

Issue having been joined upon the pleadings in this cause, and the same having been called on for trial at the Burlington Circuit, in the term of September, 1865, the parties agree to the following statement of facts, which should be deemed and taken as a special verdict, with power to the court to make all legal presumptions therefrom, and to enter final judgment thereon.

The case coming on regularly to be tried at the Burlington County Circuit Court, before his Honor, Peter Vredenburgh, esquire, one of the Justices of the Supreme Court of the state of New Jersey, on the nineteenth day of September, of the term of September, in the year of our Lord eighteen hundred and sixty-five, upon the issue joined thereon, (*pro ut* the pleadings,) whereupon the parties agreed upon the following state of the case:

Jane W. Frazer being the owner of the greater portion of a square of land in the borough of Bordentown, in the county of Burlington, and state of New Jersey, represented by a diagram hereto annexed, mortgaged that part of it included in red lines upon said diagram to the Mount Holly Bank, to secure a bond given by her to said bank.

After the execution and due record of the mortgage, Miss Frazer, by deed, duly executed and acknowledged, bearing date October 17th, 1846, conveyed a portion of the mort-

gaged premises, represented by dotted lines, to the plaintiff, Francis Hopkinson, adjoining and in the rear of a lot which he owned in said square, and in its description, it is described as bounding upon an alley and street proposed to be laid out through the said mortgaged premises, as represented by red dotted lines, (*pro ut* the deed produced).

The whole purchase money of this lot was paid by the plaintiff to the said bank, on account of the bond of Jane W. Fraser, secured by said mortgage, and the bank executed a release endorsed upon the said deed, and bearing even date with the same. This release was duly proved and recorded with the deed on the day of the date above stated, October 17th, 1846, (*pro ut* the release endorsed on deed).

A like conveyance and release were executed by said Jane W. Fraser and the said bank to one Henry Beckett, for another portion of the mortgaged premises, represented also by dotted lines on said diagram, and adjoining the said plaintiff's lot. The deed to said Beckett calls for the said alley as a boundary, (*pro ut* the said deed of conveyance and release endorsed).

After the execution and recording of these deeds and releases by Jane W. Fraser and said bank to the plaintiff and to said Beckett, the said bank filed in the Court of Chancery of New Jersey, a bill of foreclosure of said mortgage against the said Jane W. Fraser and others, but the plaintiff was not made defendant in said foreclosure and no notice was taken of the said conveyance and release to him; and a decree of the said court for a sale of the whole of said mortgaged premises was had, to satisfy the residue remaining unpaid on the said bond and mortgage.

Under this decree and execution issued thereon, the sheriff of the county of Burlington duly advertised and sold the whole of said mortgaged premises to the bank, and made a deed for the whole, bearing date September 27th, 1851, which was duly acknowledged and recorded on the 30th day of the same month, (*pro ut* the deed and certificate of record).

The bank having purchased said property by deed dated May 29th, 1852, duly executed and recorded, conveyed the

said property by the same description to the defendant, John L. McKnight, who, at the time of the commencement of this suit, owns it, except the two portions conveyed as above stated to the plaintiff and said Beckett.

Neither in the deed by the sheriff to the bank nor in the deed from the bank to the defendant, is any mention made of the conveyances to the plaintiff and said Beckett, or of the said street or alley mentioned in them, (*pro ut* the deed to the defendant).

The street and alley mentioned in the conveyance to the plaintiff and said Beckett were never opened and used as a street, and since the said purchase by the defendant he has enclosed the street and alley, with the other portions of the land purchased by him, claiming that the plaintiff has no right to them, but is confined to the limits of his lot without the privilege of said street and alley, and keeps said street and alley fenced, obstructed, and shut up, so that the plaintiff cannot use and enjoy the same.

It is further agreed between the parties, that the above statement shall be deemed and considered as a special verdict, with power to the court to make all legal presumptions therefrom; and that if the court shall be of opinion that the plaintiff has the right to said street and alley, or either of them, under the foregoing statement, then the court shall give judgment for the plaintiff for six cents damages and costs of suit; and that if the court shall be of opinion that plaintiff has not the right to said street and alley, or either of them, under the foregoing statement of facts, and that the defendant holds the land purchased by him freed and discharged from such street and alley, then the court shall give final judgment thereon for the defendant, with costs.

Dated September 19th, 1865.

EDWARD W. SCUDDER, *Att'y of plaintiff*.
GARRIT S. CANNON, *Att'y of defendant*.

The case was argued before Justices VREDENBURGH and ELMER, by *E. W. Scudder*, for the plaintiff, and *James Wilson*, for the defendant.

Hopkinson v. McKnight.

The opinion of the court was delivered by

ELMER, J.   The plaintiff complains of the defendant for shutting up and obstructing a certain alley and street, claimed to adjoin and to be appurtenant to the plaintiff's close; and the question now to be decided is, whether the facts agreed upon entitle him to maintain his action.

Omitting any reference to the mortgage and the proceedings under it, which are stated in the case agreed upon, but which do not appear to be important, it appears that on the 17th day of October, 1846, Jane W. Fraser was the owner of a tract of land and premises in the borough of Bordentown, extending from Third to Second streets, which ran north and south, the south line of which abutted on lots of land owned by Henry Beckett, the plaintiff, and others, which lots had their fronts on a street running east and west.   At the date aforesaid, she sold and conveyed to the plaintiff a parcel of her said tract, described in the deed as beginning at the northwest corner of a lot of land belonging to Henry Beckett, thence running along other land of said Jane W. Fraser, north, sixty feet to a stake standing eighty-three feet from Third street, and bounding on an eight foot alley; thence west, along said eight foot alley seventeen feet to a stake; thence, still west along a continuation of said alley or street, said street being thirty feet wide, to a stake; thence south, sixty feet to a stake, corner to other land of said Hopkinson; thence east, along said Hopkinson's land one hundred and thirty-three feet, to the place of beginning.   Shortly afterwards Miss Fraser sold and conveyed that part of her land which laid north of Beckett's lot and between Third street and the parcel sold to the plaintiff, to the said Henry Beckett, and in her deed to him abuts it on the north along an eight foot alley.   The defendant became the owner of the other part of Miss Fraser's land in 1852, and has since enclosed it.   It is stated in the case, in connection with the conveyance to the plaintiff, that the land conveyed " is described as bounded upon an alley and street proposed to be laid out;" and it is further stated that " the street and

alley mentioned in the conveyance to the plaintiff and said
Beckett were never opened and used as a street." Had such
alley and street been opened as referred to, they would have
extended from Third street nearly half way to Second street.

The cases relied upon in the argument, in support of the
plaintiff's claim to the use of the alley and street referred
to in his deed, are cases where it was held, that the circum-
stances showed that the street in question had been dedicated
to the public use. Where the party owning land in a city
or village lays off streets, sells lots in conformity with a plan
made public, especially if a map made by the public authority
is referred to, and the streets are opened and used, it is justly
held that he thereby dedicates the streets so laid off as public
highways. *Den* v. *Dummer, Spencer* 86; *Smith* v. *The
State,* 3 *Zab.* 712; *Cincinnati* v. *White,* 6 *Peters* 438; *Wyman*
v. *Mayor of N. Y.,* 11 *Wend.* 493; *Matter of 29th street, N.
Y.,* 1 *Hill* 189; *Walter* v. *City of Worcester,* 6 *Grey* 548.

But no facts are stated in this case which will justify us in
holding an alley or street to have been thus dedicated. No
reference is made to a street extending through the block
from Third to Second streets, the west line of the plaintiff's
land not being half way between these streets; nor do any
circumstances show an intention to open a street as a public
thoroughfare. We are not informed who proposed to lay
out the alley and street referred to. For anything that ap-
pears, the plaintiff may have intended to incur that expense;
or, as is more probable, such an alley and street may have
been proposed to be opened by the public authorities of the
borough. It is expressly stated, after the lapse of nearly
twenty years, that they were never in fact opened and used;
that is to say, no such alley or street ever existed. They
are not alleged to be ways of necessity. They do not appear
to have been laid down upon any public or private map of
the premises. The question then resolves itself into this:
does the description in the plaintiff's deed, of itself or in
connection with the description in the deed to Beckett,
amount to a grant to the plaintiff of the alley and road

described, or of a right of way, or to a covenant that he shall have such a right?

As to the coincidence of a similar description in two deeds for adjoining parcels of land, it can have no effect upon the case before us, unless it would justify us in holding that there was a dedication of an alley and road to the public use. No authority has been produced for the proposition that the reference in a conveyance of land by definite metes and bounds to an alley or road, as abutting on the premises conveyed, where no such alley or road exist, can be construed to be a grant of such an alley or road. In the case of *Harding* v. *Wilson*, 2 *Barn. & Cress.* 96, a lease had been made of a piece of ground abutting upon an "intended way of thirty feet," which would have been on the land of the lessor. The defendant having purchased this land, built a wall which extended three feet upon the intended way. It appeared that the plaintiff was entitled to a way of necessity over this intended way, but the court held that he had no right to the whole thirty feet; and Justice Holroyd said, I think correctly, "The intended way is no part of that which was granted, and the declaration of an intention is not an implied grant. In the case before us the abuttal is not upon an intended way, that is upon a way not yet opened, but which the grantor says he intends to open; but upon an alley and street described as actually existing, and which, so far as appears by the deed, both parties supposed actually did exist. It is a case of misdescription. Had the land over which this alley and street were described as running been at the time the property of any other person than the grantor, it would not have been supposed that they were included in the grant which, in terms, excludes them. That it happened to belong to the grantor, does not enlarge the description of what was granted. Nor is there any authority for holding that such a description implies a covenant to open a street or to allow a right of way. There are apt and plain words customarily used for granting a right of way, or as a covenant that a way shall be opened, which are not used in this conveyance, and

which, I think, we must presume were not used because no such thing was intended. What equitable rights the evident misdescription in the plaintiff's deed may entitle him to, we are not called upon to consider. In my opinion, our judgment must be for the defendant.

Judgment for defendant.